UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No.: 3:07-CR-126 |
| | ) |
| CHAD BURGER | ) |

**<u>MEMORANUM AND ORDER</u>**

This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 330]. In support of his motion, defendant states that he has completed more than half of his term of supervised release, and he has maintained steady employment since his release from incarceration. Defendant states that he wants to pursue a career in truck driving, but cannot do so while on supervision. Defendant's employer at DW-Electronics reports that defendant is dependable, trustworthy, and willing to learn. Defendant started at DW as a satellite installer, and later, was moved into sales. Another employer, Crystal Geyser Roxane, LLC, reports that defendant is a valuable asset to the company; he has excellent attendance and punctuality; and he "takes the initiative to go the extra mile to assist as needed." Crystal Geyser will consider defendant for a permanent position with the Company, when one becomes available.

Defendant's probation officer has informed the court that defendant has performed well while on supervision, and she has no objection to early termination of supervised

release. The Government, likewise, has informed the Court that it has no objection to Defendant's motion.

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of crack cocaine. He was sentenced to 46 months imprisonment followed by five years of supervised release.

Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the court finds that the relevant portions of 18 U.S.C. § 3583(a) support an early termination of defendant's supervised release. In support of this determination, the court notes that defendant has completed more than one year of his term of supervised release and that defendant is in compliance with the conditions of his release. The court also notes that defendant has maintained steady employment since his release from prison, and appears to be doing quite well, as one employer will consider him for a permanent position when such becomes available. In addition, his probation officer recommends early termination. The Government does not oppose the motion. Accordingly, because the requirements of 18

2

U.S.C. § 3583(e)(1) have been satisfied and in light of the lack of any objection by the Probation Office or the Government, the court finds defendant's motion for early termination of supervised release well taken, and it is hereby **GRANTED**. Defendant's term of supervised release is **TERMINATED.**

The court commends defendant for his efforts to turn his life around, and wishes him success in his future endeavors.

IT IS SO **ORDERED**.

Enter:

*Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**